UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DANNY R. RICHARDS, )
)
Plaintiff, )
vs. ) No. 1:10-cv-1583-SEB-MJD
)
DR. M. MITCHEFF, M.D., et al., )
)
Defendants. )

**Entry Discussing Motion to Dismiss of Defendant Dr. Sharma**

The statute of limitations is an affirmative defense which, in general, a party asserting a claim need not anticipate. *See, e.g.*, *United States Gypsum Co. v. Indiana Gas Co.,* 350 F.3d 623, 626 (7th Cir. 2003); *Leavell v. Kieffer,* 189 F.3d 492, 494 (7th Cir. 1999). "However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads h[im]self out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006)(internal citations omitted); *see also Walker v. Thompson,* 288 F.3d 1005, 1010 (7th Cir. 2002)("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit."). This is such a case as to Danny Richards' claim against Dr. Sharma.

For the reasons explained in this Entry, therefore, Dr. Sharma's motion to dismiss [31] must be **granted.**

**Discussion**

The Eighth Amendment's ban on "cruel and unusual punishments" requires prison officials to take reasonable measures to guarantee the safety of inmates, including the provision of adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Richards is an Indiana prisoner and alleges here that various medical personnel, including Dr. Sharma, violated Richards' Eighth Amendment rights by failing to deliver constitutionally adequate medical care. "A claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition." *Williams v. Liefer,* 491 F.3d 710, 714 (7th Cir. 2007) (citations omitted).

For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Sain v. Wood,* 512 F.3d 886, 895 (7th Cir. 2008) (quoting *Collignon v. Milwaukee County,* 163 F.3d 982, 988 (7th Cir. 1998)).

Richards' claim against Dr. Sharma is asserted pursuant to 42 U.S.C. § 1983. A claim of this nature is considered a personal injury claim and is therefore subject to Indiana's statute of limitations for personal injury claims, which is two years from the date of the injury. *Bailey v. Faulkner*, 765 F.2d 102, 103 (7th Cir. 1985), and IND. CODE § 34-11-2-4. While state law governs when a claim must be brought, federal law governs when a cause of action accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A cause of action under § 1983 accrues "when the plaintiff knows or has reason to know of the injury that is the basis of his action." *Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996).

Here, Richards claims that Dr. Sharma failed to provide adequate medical care while Richards was confined at the Pendleton Correctional Facility, an Indiana prison. He became aware of this constitutional violation when his requests for a biopsy were delayed. *See Wilson v. Geisen*, 956 F.2d 738, 740 (7th Cir. 1991) (civil rights claims under § 1983 accrue when the "plaintiff knows or should know that his or her constitutional rights have been violated"); *Todaro v. Ward*, 565 F.2d 48, 52 (2d Cir. 1977) ("a constitutional claim is stated when prison officials intentionally deny access to medical care or interfere with prescribed treatment")(*citing Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)).

Richards suffers from a condition which was ultimately diagnosed as ulcerative colitis. He was aware of this diagnosis and of the magnitude of treatment required for it during his admission to Wishard Hospital in September – October 2008. He thus had notice of the allegedly inadequate medical care prior to that time no later than the end of October 2008. In other words, Richards knew of a potential constitutional violation in October 2008. His cause of action for deliberate indifference accrued therefore no later than late October 2008. Because the statute of limitation for Richards' claim is two years, he had until late October 2010 in which to file suit. Because he did not file this lawsuit until December 7, 2010, Richards' claim against Dr. Sharma is barred by the statute of limitations.

## Conclusion

Statutes of limitations "represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free of stale claims in time comes to prevail over the right to prosecute them.'" *United States v. Kubrick*, 444 U.S. 111, 117 (1979) (quoting *Railroad Tel. v. Railway Express Agency,* 321 U.S. 342, 349 (1944)). The pleadings show without question that Richards failed to file a timely claim against Dr. Sharma. Richards' explanations for the delay are unpersuasive. Dr. Sharma's motion to dismiss on this basis [31] is **granted**.

No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

**IT IS SO ORDERED.**

Date: 08/22/2011

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James F. Bleeke
BLEEKE DILLON CRANDALL PC
jim@bleekedilloncrandall.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL PC
jeb@bleekedilloncrandall.com

Edward J. Fujawa
LEWIS WAGNER LLP
efujawa@lewiswagner.com

Christopher D. Simpkins
BLEEKE DILLON CRANDALL PC
chris@bleekedilloncrandall.com

Danny R. Richards
DOC #866216
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle, IN 47838