UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DANNY R. RICHARDS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:10-cv-1583-SEB-MJD |
| ) | |
| DR. M. MITCHEFF, M.D., et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Post-Judgment Motions of Plaintiff Danny Richards**

The claim pursuant against Dr. Sharma asserted pursuant to 42 U.S.C. § 1983 was found in this case to be a personal injury claim subject to Indiana's 2-year statute of limitations and to be time-barred by that statute. Claims against the other defendants were likewise barred and judgment granting all defendants' motions for summary judgment was entered on the clerk's docket on August 30, 2011.

On September 2, 2001, plaintiff Richards filed a motion to reconsider and amend complaint. This motion was followed with the filing of similar motions on September 8, 2011, and September 22, 2011. These post-judgment motions relate solely to the disposition of the claim against Dr. Sharma.

**I.**

The motions to reconsider were each filed within 28 days from the entry of final judgment. They are treated as a single such motion for clarity and because each could be based upon the same procedural grounds.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within 28 days after the judgment is entered. See Fed.R.Civ.P. 59(e). Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard,* 486 U.S. 517, 521-22 (1988).

Given the timing of the plaintiff's motion, and given the arguments set forth in such motion, the motion is treated as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. See *Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

"Rule 59(e) allows a court to amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011).

The claim against Dr. Sharma was challenged through Dr. Sharma's motion for summary judgment. Richards responded to the motion after being properly advised of the nature of the motion, of the proper manner in which to respond, and of the consequences of failing to properly respond. The evidentiary record, construed in the manner most favorable to Richards as the non-movant, supported only the following conclusion:

> [Richards] thus had notice of the allegedly inadequate medical care prior to that time no later than the end of October 2008. In other words, Richards knew of a potential constitutional violation in October 2008. His cause of action for deliberate indifference accrued therefore no later than late October 2008. Because the statute of limitation for Richards' claim is two years, he had until late October 2010 in which to file suit. Because he did not file this lawsuit until December 7, 2010, Richards' claim against Dr. Sharma is barred by the statute of limitations.

Richards does not dispute the correctness of the court's legal analysis or of the facts on which that analysis was based. The argument made in the motion to alter or amend rests on the disclosure of additional facts—facts which Richards claims could have altered the dates on which the statute of limitations analysis was based. But these facts come too late. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996) ("A party seeking to defeat a motion for summary judgment is required to `wheel out all its artillery to defeat it.'")(quoting *Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency,* 846 F. Supp. 677, 685 (N.D.Ill. 1994), *aff'd,* 39 F.3d 138 (7th Cir. 1994)). The motion to alter or amend judgment fails here because it is not supported by a manifest error of law, nor does it present newly discovered evidence. Accordingly, the motion [56, 57, and 58] is **denied.**

## II.

Richards seeks leave to expand the claim against Dr. Sharma through amendment of his complaint.

There has been no relief sought or granted from the final judgment in this case. The final judgment granting summary judgment in favor of the defendants remains undisturbed by any post-judgment. Richards' motions to amend his complaint [56, 57, and 58] are **denied.** *See Figgie Int'l, Inc. v. Miller,* 966 F.2d 1178, 1179 (7th Cir. 1992) ("It is well settled that after a final judgment, a plaintiff may amend a complaint under Rule 15(a) only with leave of court after a motion under Rule 59(e) or Rule 60(b) has been

made and the judgment has been set aside or vacated."); *First Nat'l Bank v. Continental Ill. Nat'l Bank & Trust Co.,* 933 F.2d 466, 468 (7th Cir. 1991) ("Since First National wanted the judgment altered [to amend complaint], it had to persuade the judge to reopen the case--had therefore to file a postjudgment motion under Fed.R.Civ.P. 59(e) or 60(b).").

**IT IS SO ORDERED.**

Date: _10/19/2011_____

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James F. Bleeke
jim@bleekedilloncrandall.com

Jeb Adam Crandall
jeb@bleekedilloncrandall.com

Christopher D. Simpkins
chris@bleekedilloncrandall.com

Danny R. Richards
DOC #866216
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle, IN 47838