UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANNY R. RICHARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:10-cv-01583-SEB-MJD |
| | ) |
| DR. M. MITCHEFF, M.D., | ) |
| DR. HIRSCHLER, M.D., | ) |
| DR. SHARMA, MD, | ) |
| MS. GONZALES, N.P., | ) |
| MS. CARRIE JOHNSON, H.C.A, in their | ) |
| individual and official capacities, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motions for Summary Judgment**

Plaintiff Danny R. Richards has ulcerative colitis. He alleges that while incarcerated at Pendleton Correctional Facility ("Pendleton") the defendants were deliberately indifferent to his serious medical needs. Specifically, Richards alleges that as a result of the defendants' failure to provide treatment for his ulcerative colitis from January 2008 through October 2008, he has had to undergo multiple surgeries and the partial removal of digestive organs including his rectum, colon, and large intestines. The defendants deny that they were deliberately indifferent to Richards' ulcerative colitis and assert that the claims against them are barred by the statute of limitations. They seek resolution of the claims against them through summary judgment.

For the reasons explained below, Richards' complaint is barred by the statute of limitations and the defendants are entitled to summary judgment in their favor on this basis.

**Standard of Review**

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor. *See* Fed. R. Civ. Pro. 56. To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially the grant of summary judgment. Fed. R. Civ. P. 56(e).

The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them." *Johnson v. Cambridge Indus.,* 325 F.3d 892, 898 (7th Cir. 2003). Furthermore, reliance on the pleadings or conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment. *Id.* at 901. Given the plaintiff's *pro se* status, the Court in this instance considered the facts in the verified Complaint (Dkt. No. 1) in addition to Richards' briefing on the motion for summary judgment to the extent it complied with Local Rule 56-1.

The key inquiry, then, is whether admissible evidence exists to support a plaintiff's claims, not the weight or credibility of that evidence, both of which are assessments reserved to the trier of fact. *See Schacht v. Wis. Dep't of Corrections,* 175 F.3d 497, 504 (7th Cir. 1999). When evaluating this inquiry, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial ... against the moving party." *Celotex,* 477 U.S. at 330.

## Facts

Consistent with the foregoing, the following statement of facts was determined pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Richards as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

1. In January 2008, while incarcerated at Pendleton, Richards first sought medical treatment for blood in his stools and abdominal pain. He continued to experience pain and nausea through September 2008. Treatment was provided but it did not improve Richards' condition.

2. On October 5, 2008, Richards was admitted to Wishard Memorial Hospital ("Wishard") in Indianapolis, Indiana, where he was diagnosed with ulcerative colitis. He received two colonoscopies and several blood transfusions. Richards learned that had his condition been promptly diagnosed he could have been placed on the proper medication. Instead, his body was so badly damaged that he would have to have his rectum, colon, and large intestines removed. Richards remained at Wishard until October 30, 2008, when Bilal H. Safadi, M.D. discharged him in stable condition with a diagnosis of active colitis.

3. Following Richards' discharge from Wishard, with the exception of the hospital stays detailed below, Richards spent thirteen months in Wabash Valley Correctional Facility's ("Wabash Valley") infirmary. During his time in the infirmary, Richards was unable to perform unidentified everyday activities and started seeking legal help and advice. Other inmates were not permitted to assist Richards with his research at Wabash Valley's law library. Richards wrote approximately seven letters to law firms seeking representation. Each of the law firms declined to represent Richards.

4. In February 2009, Richards returned to Wishard for his first surgery at which time he had part of his rectum and colon removed and was placed on a colostomy. Seven to ten days later he returned to the Wabash Valley infirmary.

5. In March 2009, Richards requested all of his medical records and was told by Nurse Marla Cadberry to wait because the only thing he needs to worry about now is healing.

6. Richards was re-admitted to Wishard in September 2009, for a second surgery to remove his large intestines and create a "J-pouch" to take the place of his colon. He was then returned to the Wabash Valley infirmary.

7. In November 2009, Richards was discharged from the infirmary and returned to regular population. He continued to have complications with vomiting, blurry vision, and dizziness. Richards struggled with everyday activities such as walking to the dining hall. His food was brought to him.

8. On February 19, 2010, Richards' final surgery was performed at Wishard. He was subsequently returned to the Wabash Valley infirmary. During the next eight months, Richards suffered with severe abdominal pain, uncontrollable bowel movements, vomiting and weight loss.

9.     Richards was discharged from the infirmary on March 11, 2010, and has not been re-admitted to the infirmary for any period of time exceeding 23 hours since then.

## Discussion

The defendants seek summary judgment in their favor on their affirmative defense that Richards' Complaint is barred by the applicable statute of limitations. Richards argues that under Indiana law the statute of limitations was tolled given his incapacity.

*Statute of Limitations*

Richards filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Although the complaint was file stamped December 7, 2010, Richards signed and handed his complaint to his counselor to be copied and mailed on November 17, 2010. Pursuant to the "prison mailbox rule," a pro se prisoner's complaint is deemed filed when it is handed over to prison staff for mailing, not on the date it is received by the clerk of the court. *See Houston v. Lack,* 487 U.S. 266, 275-76 (1988); *Ingram v. Jones,* 507 F.3d 640, 643-45 (7th Cir. 2007). Accordingly, the court accepts, for the purpose of this motion, that the complaint was filed on November 17, 2010. S*ee Ray v. Clements,* 700 F.3d 993 (7th Cir. 2012) (discussing rationale behind the "prison mailbox rule.").

Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4. Federal law defines when a claim accrues and the federal rule for medical errors is that a claim accrues when a person knows his injury and its cause. *Richards*, 696 F.3d at 637. Richards concedes that his claim accrued (at the latest) in October 2008.[1] *Id.*

---

[1] The claims against Dr. Sharma accrued even earlier. Even when injury is ongoing, a claim against any particular person accrues immediately when that person loses the ability "to do something about [the plaintiff's] condition." *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001). Dr. Sharma's final day at Pendleton was June 4, 2008. Thus any claim against Dr. Sharma accrued on that date. *See Heard v. Elyea*,

It is undisputed that the November 17, 2010, complaint was filed more than two years after Richards' claims accrued in October 2008. Richards argues, however, that the time to file his complaint was tolled while he was physically unable to sue despite the exercise of reasonable diligence.

*Tolling of the Statute of Limitations*

The legal basis for Richards' argument stems from the Indiana Constitution. Article 1, Section 12, provides:

> All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay.

The Indiana Supreme Court has interpreted Article 1, Section 12 of the State Constitution to require extending the applicable statute of limitations period in certain circumstances. In *City of Fort Wayne v. Cameron*, 370 N.E.2d 338 (1977), a deputy sheriff shot the plaintiff, rendering him a quadriplegic confined to a hospital for over one year. *Id.* at 339. The Supreme Court held that the 60-day deadline to file a notice of tort claim would be unconstitutional as applied to the plaintiff if enforcement of the time limit would "deprive [the plaintiff] of his constitutional right to a 'remedy by due course of law.'" *Id.* at 341. In the absence of any statutory provision for tolling the statute of limitations, the Indiana constitutional right to remedy by due course of law entitles a plaintiff who is "mentally and physically incapacitated so that he could not give" the required notice to "a reasonable time after his disability [is] removed within which to file the notice to the city." *Polick v. Indiana Dept. of Highways*, 668 N.E.2d 682, 684 (Ind.1996) (quoting *Cameron*, 370 N.E.2d at 341).

What might constitute mental and physical incapacity sufficient to toll the statute of

---

2013 WL 2422676, *1 (7th Cir. 2013) (stating that "when a person resigns or retires from his public employment, the claim accrues on that date") (citing *Sheahan*, 253 F.3d at 318).

limitations under Indiana law was discussed in *Herron v. Anigbo,* 897 N.E.2d 444, 451 (Ind. 2008), *Overton v. Grillo*, 896 N.E.2d 499, 504 (Ind. 2008), and *Retrum v. Tinch*, 2010 WL 3291752, *4 (Ind. Ct. App. 2010). In *Herron,* the plaintiff was rendered a quadriplegic following a fall at his home in March 2002. During the medical treatment for this injury an act of alleged medical malpractice occurred. The plaintiff filed his complaint for medical malpractice beyond the two year statute of limitations period. The Indiana Supreme Court stated the physical incapacity of the plaintiff could, in limited circumstances, result in the tolling of an applicable statute of limitations. *Herron,* 897 N.E.2d at 451. The Court suggested that the plaintiff's medical condition, including infections, inability to speak, quadriplegia, and use of a ventilator for 9 months might have warranted tolling of the statute of limitations if the argument had been presented by the plaintiff, which it was not. *Id.* at 453.

In *Overton*, the Indiana Supreme Court stated that evidence of "severe depression, anxiety, sleep deprivation," and chemotherapy and radiation sessions was insufficient as a matter of law to establish an ongoing incapacity. *Overton*, 896 N.E.2d at 504. In *Retrum,* the Indiana Court of Appeals found that even though the plaintiff was weak and debilitated from his cancer treatment, there was no indication that he could not have timely filed. Thus, there was insufficient evidence of incapacity to create a genuine issue of material fact on the limitations defense. *Id.* 2010 WL 3291752, at *4.

Because the defendants have established that this action was commenced beyond the two-year statutory period, the burden is now on Richards to establish an issue of fact material to a theory that avoids the defense. *Boggs v. Tri–State Radiology, Inc.*, 730 N.E.2d 692, 695 (Ind. 2000). "This is appropriate because the facts establishing incapacity or the reasonableness of the plaintiff's diligence in filing his or her claim are uniquely within the plaintiff's knowledge." *Id.*

The defendants acknowledge that Richards underwent hospitalizations and treatment which for certain periods of time may have hindered his ability to pursue his claim. The defendants argue, however, that the timeline detailed in the Complaint demonstrates that Richards had sufficient time and opportunity to timely file his Complaint. In response Richards states that the statute of limitations should be tolled because he "is an inmate in a state prison with very limited movement do [sic] to being locked in a cell for approximately 21 hrs. a day, limited access to a law library to investigate and research the issues and do [sic] to being a state prisoner the difficulty in obtaining legal representation is next to impossible." Dkt. No. 128 at p. 16. This argument cannot prevail. Indiana does not recognize incarceration as a legal disability precluding plaintiffs' ability to bring suit. *Diaz v. Carpenter*, 650 N.E.2d 688, 691-92 (Ind. Ct. App. 1995); *Alexander v. City of South Bend*, 256 F.Supp.2d 865, 874 (N.D. Ind. 2003). Further, the sheer volume of prisoner litigation reflects that incarceration itself is not an impediment to the timely filing of a complaint in federal court.

Richards also argues that from October 30, 2008, through November 22, 2009, he was confined in the medical infirmary during which time he was not permitted to go to the law library or to have another inmate assist him with his legal work. But, Richards admits that during the relevant time period he was able to write health care request forms and letters seeking legal representation. Specifically, Richards submitted letters to the court dated August 10, 2009, and June 9, 2010, which confirms that Richards was aware of his claim and was in the process of seeking redress. Dkt. Nos. 4-1 and 4-2. Between February 2010 and August 2010, Richards was able to complete and submit several medical request forms seeking doctor visits for a variety of complaints (Dkt. 1-6, Exh. A, pp 1-8). The letters from attorneys in response to his correspondence demonstrate that even during the period of claimed incapacity Richards was capable of pursuing

his claim and that he had access to resources that would provide attorney contact information and the materials needed to prepare correspondence. *See Gray v. Potter*, 115 F. App'x 891, 894 (7th Cir. 2004). In any event, Richards has not been admitted to the infirmary (for more than 23 hours) since March 11, 2010, months before his two year deadline for filing a complaint.

Finally, Richards argues that he was not able to "walk to chow to eat a meal" or "walk to the law library to investigate and do research . . . because of diarrhea and abdominal pain." Dkt. No. 128, at p. 16-17. In addition, between October 2008 and October 27, 2010, Richards was given Vicodin and as a side effect he had problems concentrating. But, these facts are insufficient to create a genuine issue of material fact regarding whether Richards was incapacitated. Like the plaintiffs in *Overton* and *Retrum* discussed above, Richards suffered from a debilitating disease but the fact of the disease and its treatment is insufficient as a matter of law to establish incapacity such that he was unable to timely file his complaint. The physical effort and concentration necessary to draft letters to recruit counsel and to submit formal health care request forms is similar to that required to file a complaint in this court. No medical records were necessary to file a complaint. Given his undisputed abilities, Richards could have timely filed his complaint. Richards is not excused for failing to comply with the two-year statute of limitations for reasons of incapacity.

Richards has not shown that the two-year statute of limitations as applied to him violates Article I, Section 12 of the Indiana Constitution. He was not denied a meaningful opportunity to pursue his Eighth Amendment claim. This result is unfortunate for Richards, but he is not alone. The Indiana Supreme Court has specifically noted that the statute of limitations bars claims by many sympathetic victims. *See Boggs,* 730 N.E.2d at 698. Richards, like many victims of malpractice, are required to "engage in litigation while battling their medical condition, fatal or

not. That is a decision the legislature has made." *Id.* "The legislature has chosen the benefits of certainty over the burdens that may be imposed on still suffering [victims] by a requirement that litigation be filed promptly. This scheme raises no inherent bar to a remedy and leaves our courts open to entertain the claim. Accordingly, it is a constitutional exercise of the balancing of interests that legislatures are called upon to do." *Id.* at 696.

Given the fact that Richards' claims are barred by the statute of limitations, the merits of his underlying claims of deliberate indifference against the individual defendants shall not be assessed further.

## Conclusion

The motion for summary judgment filed by defendant Dr. Sharma, MD [Dkt. No. 112] and the motion for summary judgment filed by defendants Michael Mitcheff, D.O., Richard Hirschler, M.D., Taris Gonzalez, N.P., and Carrie Johnson, H.C.A. [Dkt. No. 113] are **granted.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   06/25/2013

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DANNY R. RICHARDS
866216
NEW CASTLE - CF
Pod M-4-202A
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel